145 F.3d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Esequiel CORTEZ-ACOSTA, Defendant-Appellant.
 No. 97-50420.
D.C. No. CR-94-00262-IEG.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 27, 1998.
 
 Appeal from the United States District Court for the Southern District of California, Irma E. Gonzalez, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Esequiel Cortez-Acosta appeals the district court's revocation of his supervised release and imposition of an eighteen-month sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Cortez-Acosta contends that there was insufficient evidence to establish that he violated the terms of his supervised release by attempting to manufacture methamphetamine. This contention lacks merit.
 
 
 4
 A district court's decision to revoke a term of supervised release is reviewed for abuse of discretion. See United States v. Schmidt, 99 F.3d 315, 320 (9th Cir.1996). A court may revoke a term of supervised release if the court finds by a preponderance of the evidence that the defendant violated a term of supervised release. See 18 U.S.C. § 3583(e)(3); Schmidt, 99 F.3d at 319. A court abuses its discretion when the record contains no evidence to support its decision. See Schmidt, 99 F.3d at 320.
 
 
 5
 There was evidence to support the district court's finding that Cortez-Acosta attempted to manufacture methamphetamine. See 18 U .S.C. § 3583(e)(3); Schmidt, 99 F.3d at 320. First, Cortez-Acosta was identified by police as the male present at the active methamphetamine lab. Second, documentary evidence found at the scene established that Cortez-Acosta had dominion and control over the property. Accordingly, the district court did not abuse its discretion by revoking Cortez-Acosta's supervised release. See Schmidt, 99 F.3d at 320.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3